FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAY 19 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| | )    **COMPLAINT** |
| **TORRI HICKS** | ) |
|      **Plaintiff** | )    **1:21-CV-2102** |
| **v.** | )    **DEMAND FOR BENCH** |
| | ) |
| **EQUIFAX INFORMATION** | ) |
| **SERVICES, LLC, EXPERIAN** | ) |
| **INFORMATION SOLUTIONS, INC.** | ) |
| **and TRANS UNION, LLC,** | ) |
| | |
|      **Defendants.** | |

### PLAINTIFF'S COMPLAINT

Plaintiff, Torri Hicks brings this action against the above Defendants, Plaintiff allege the following based upon information and belief, the investigation of counsel, and personal knowledge as to the allegations pertaining to themselves

### 1. JURISDICTION AND VENUE

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681 et seq.

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being

1

that the acts and transactions occurred here, Plaintiff resides here, and the Defendants transacts business here.

3.      Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 et seq., commonly known as the Fair Credit Reporting Act ("FCRA").

4.      Plaintiff is seeking damages and declaratory and injunctive relief.

### 3. PARTIES

5.      Plaintiff Torri Hicks (**Hicks**) at all times relevant to this litigation is a natural person and a citizen of the United States and a resident of the State of Georgia. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6.      Defendant Equifax Information Services, LLC (**Equifax**) is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Georgia. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

7.      Defendant, Experian Information Solutions, INC (**Experian**) is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Experian is a California corporation registered to do business in the State of Georgia. At all times material here to Experian is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. §

2

1681(d) to third parties.

8.        Defendant TransUnion, LLC, (**TransUnion**) is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant TransUnion is an Illinois corporation registered to do business in the State of Georgia. At all times material here to TransUnion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

9.        At all times relevant to this litigation, defendant Equifax, Experian, TransUnion are collectively regarded as Defendants.

10.        At all times material hereto, Defendants disbursed consumer reports to third parties under a contract for monetary compensation.

11.        At all times material hereto, the defendants acted individually, jointly, in concert with one another other, formulated, directed, controlled, conspired, substantially assisted, enabled and/or participated, and as agents of one another concerning the matters alleged herein.

## 3. FACTUAL ALLEGATION AGAINST DEFENDANTS

12.        Plaintiff brings this action against the Defendants to obtain relief for his self for the Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

13.     Defendants are FCRA-governed "consumer reporting agency" that selectively decides which information to provide to consumers that request the FCRA-governed information in its possession and which information it will hide from consumers. It withholds certain information in order to minimize its compliance costs and to avoid customer service inquiries directed at it and its business partners.

14.     Defendants thus deprives consumers of valuable congressionally-mandated information and makes it more difficult for consumers, such as Plaintiff, to correct errors relating to these public records that are caused by Defendants and/or its private vendor sources, but not by any courthouse or other government body that Defendants often misidentifies as its "source".

15.     For several years, Defendants have obtained its information about bankruptcies, civil judgments, and tax liens (i.e., "public records" information) from other private businesses it calls "vendors."

16.     Defendants have not retrieved actual public records from courthouses or actual government offices for many years. During all times relevant to this action, Defendants have never done any independent audit of the substantive accuracy of the public records.

17.     Defendants have long been aware of the problems alleged herein and the failure of its current procedures to ensure complete and accurate public records.

18.     Indeed, Defendants received hundreds, if not thousands, of consumer disputes per month about public records items being misreported on personal credit reports.

19.     On or about January 10, 2019, and per the TransUnion credit report, the following accounts were deleted from the credit report of Torri Hicks, Dept of ed/Navient (listed seven times), Direct Loan SVC Systems (listed five times) Navient (listed seven times). The above accounts were added back on the credit report of Torri Hicks as of May 2019.

20.     On or about December 17, 2019, and per the Experian credit report, the following accounts were deleted from the credit report of Torri Hicks, Navient Solutions (11 times) Dept of ed/Navient (listed 7 times). The above accounts were later added back on the credit report of Torri Hicks.

21.     On or about December 28, 2019, and per the Equifax credit report, the following accounts were deleted from the credit report of Torri Hicks,

Dept of ed/Navient (listed 7 times) Navient (listed 5 times) US Department of Education (listed 5 times) Sallie Mae (listed 4 times). However, the accounts were later added back on the credit report of Torri Hicks.

22. The reinsertion of the above accounts to Plaintiff's credit report is inaccurate and has caused plaintiff lots of injuries. Therefore, Plaintiff's injury was caused by the re-inclusion of the inaccurate accounts that was previously deleted.

23. Plaintiff has requested Defendants to delete the account but Defendants have failed and continue to fail to delete the said accounts.

24. The inaccuracy was due to the Defendants' failure to follow reasonable procedures to assure maximum possible accuracy

25. At all times pertinent hereto, Defendants' conduct was a result of its deliberate policies and practices, was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681g(a)(2) of the FCRA, and further assumed an unjustifiably high risk of harm.

26. Defendants' conduct was not a mere mistake or accident. Instead, it was the intended result of its standard operating procedures.

27. The inaccurate reporting occurred because Defendants failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Plaintiff.

28. Yet, upon information and belief, Defendants failed to adopt reasonable procedures (or any procedures whatsoever) to update and correct its public record information.

29. Defendants did so even though it has been sued repeatedly for failing to adopt

6

reasonable procedures to timely gather and report updated public record information. See, e.g., Williams v. Experian Info. Solutions, Inc., Case No. 1:13-cv-1102 (E.D. Va. 2013); Beattie v. Experian Info. Solutions, Inc., Case No. 1:13-cv-1195 (E.D. Va. 2013).

30.    At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of its employment, and under the direct supervision and control of the Defendants herein.

31.    At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein

32.    Defendants' acts were intentional and proximately caused Plaintiff to suffer emotional distress and financial loss.

33.    As a result of the acts and conducts allege above, Plaintiff has endured fear, humiliation, embarrassment, mental pain, suffering, inconvenience, and financial injury, including lost business profits.

## Count I:
## VIOLATION OF FAIR CREDIT REPORTING ACT §15 U.S.C. 1681i

### Against all Defendants

34.    Plaintiff hereby re-alleges paragraphs 1 through 33 as if specifically set forth.

35.    Defendants violated 15 U.S.C. §1681i(a)(1)(5)(B) by inserting previously deleted false information into Plaintiff's file without requiring that the furnisher of the information certify that the information is complete and accurate.

36.    Defendants are consumer reporting agencies as defined in 15 USC § 1681a(f).

37.    Defendants prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

38.    Plaintiff is a "consumer" as stipulated under 15 U.S.C. § 1681a(c).

39.    Defendants violated 15 U.S.C. §1681i(a)(1)(5)(B) by failing to send Plaintiff a notice that previously deleted information had been reinserted into his consumer file.

40.    Defendants violated 15 U.S.C. §1681i(a)(1)(5)(C) by failing to maintain reasonable procedures designed to prevent the reappearance of previously deleted information in a consumer report.

41.    Defendants violated 15 U.S.C. §1681i(c) by failing to note, in consumer reports produced subsequent to Mr. Plaintiff's dispute, a clear notice that the false information was disputed.

42.    As a result of the conduct, actions and inactions of Defendants, Plaintiff has experienced actual damages including, but not limited to, severe damage to his reputation, embarrassment, humiliation, invasion of privacy, frustration and other emotional distress.

43.    Plaintiff has suffered a concrete injury in fact that is directly traceable to Defendants' conduct, and is likely to be redressed by a favorable decision in this action.

44.    Defendants' conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n. In the alternative, Defendants were negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

45.    The Plaintiff is entitled to recover actual damages, statutory damages, punitive

8

**Count II:**

**VIOLATION OF 15 U.S.C. §1681E(B) ACCURACY OF REPORT.**

**Against all defendants**

46.     Plaintiff hereby re-alleges paragraphs 1 through 33 as if specifically set forth.

47.     15 U.S.C. § 1681e (b) provides that: whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

48.     Defendants are consumer reporting agencies as defined in 15 USC § 1681a(f).

49.     Plaintiff is a "consumer" as stipulated under 15 U.S.C. § 1681a(c).

50.     Defendants prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

51.     Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

52.     Defendants willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

53.     On or about January 10, 2019, and per the TransUnion credit report, the following accounts were deleted from the credit report of Torri Hicks, Dept of ed/Navient (listed seven times), Direct Loan SVC Systems (listed five times) Navient (listed seven times). The above accounts were added back on the credit report of Torri Hicks as of May 2019.

9

54.     On or about December 17, 2019, and per the Experian credit report, the following accounts were deleted from the credit report of Torri Hicks, Navient Solutions (11 times) Dept of ed/Navient (listed 7 times). The above accounts were later added back on the credit report of Torri Hicks.

55.     On or about December 28, 2019, and per the Equifax credit report, the following accounts were deleted from the credit report of Torri Hicks, Dept of ed/Navient (listed 7 times) Navient (listed 5 times) US Department of Education (listed 5 times) Sallie Mae (listed 4 times). However, the accounts were later added back on the credit report of Torri Hicks.

56.     The reinsertion of the above accounts to Plaintiff's credit report is inaccurate and has caused plaintiff lots of injuries. Therefore, Plaintiff's injury was caused by the re-inclusion of the inaccurate accounts that was previously deleted.

57.     Plaintiff has requested Defendants to delete the account but Defendants have failed and continue to fail to delete the said accounts.

58.     The inaccuracy was due to the Defendants' failure to follow reasonable procedures to assure maximum possible accuracy

59.     Defendants violated 15 U.S.C. §1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit report and credit files it published and maintained.

60.     As a result of the conduct, actions and inactions of Defendants, the Plaintiff suffered actual damages including without limitation, by example only and as described herein by Plaintiff's: credit damage, higher interest rates, damage to reputation, informational injury, embarrassment, humiliation and other emotional and mental distress.

61.     Defendants' conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. §1681o.

62.     The Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and §1681o.

### Count III:
### Violation of 15 U.S.C. § 1681i(a)(1) Reinvestigations of Disputed Information
### Against all Defendants

63.     Plaintiff hereby re-alleges paragraphs 1 through 33 as if specifically set forth.

64.     U.S.C § 1681i(a)(1) provides that; if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

65.     Defendants are consumer reporting agencies as defined in 15 USC § 1681a(f).

66.     Plaintiff is a "consumer" as stipulated under 15 U.S.C. § 1681a(c).

67.     Defendants prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

68.     Defendants violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but
        is not limited to, failing to conduct a reasonable reinvestigation to determine whether
        the disputed information was inaccurate and to subsequently delete the information
        from the file.

69.     As a result of this conduct, the Plaintiff suffered actual damages.

70.     Defendants' conduct, actions, and inaction were willful, rendering it liable for
        punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §
        1681n.

71.     The Plaintiff is therefore entitled to recover actual damages, statutory
        damages, punitive damages, costs, and his attorney's fees from the Defendants pursuant
        to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### Count IV:

## VIOLATION OF 15 U.S.C. § 1681I(A)(2) PROMPT NOTICE OF DISPUTE TO FURNISHER OF INFORMATION

### Against all Defendants

72.  Plaintiff hereby re-alleges paragraphs 1 through 33 as if specifically set forth.

73.  U.S.C § 1681i(a)(2) provides that;

> (A) *In general*. Before the expiration of the 5-business-day period
> beginning on the date on which a consumer reporting agency
> receives notice of a dispute from any consumer or a reseller in
> accordance with paragraph (1), the agency shall provide notification
> of the dispute to any person who provided any item of information
> in dispute, at the address and in the manner established with the
> person. The notice shall include all relevant information regarding
> the dispute that the agency has received from the consumer or
> reseller.

12

> (B) *Provision of other information.* The consumer reporting agency shall promptly provide to the person who provided the information in dispute all relevant information regarding the dispute

74.     Defendants are consumer reporting agencies as defined in 15 USC § 1681a(f).

75.     Plaintiff is a "consumer" as stipulated under 15 U.S.C. § 1681a(c).

76.     Defendants prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

77.     Defendants violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnishes all relevant information that it received in Plaintiff's dispute letters.

78.     As a result of this conduct, the Plaintiff suffered actual damages.

79.     Defendants' conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

80.     The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorney's fees from the Defendants pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**Count V:**

## VIOLATION OF 15 U.S.C. § 1681I(A)(4) CONSIDERATION OF CONSUMER INFORMATION

**Against all Defendants**

81.     Plaintiff hereby re-alleges paragraphs 1 through 33 as if specifically set forth.

82.     15 U.S.C § 1681i(a)(4) provides that; In conducting any reinvestigation under paragraph (1) with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the period described in paragraph (1)(A) with respect to such disputed information.

83.     Defendants are consumer reporting agencies as defined in 15 USC § 1681a(f).

84.     Plaintiff is a "consumer" as stipulated under 15 U.S.C. § 1681a(c).

85.      Defendants prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

86.     Defendants violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications.

87.     As a result of this conduct, the Plaintiff suffered actual damages.

88.      Defendants' conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

89.      The Plaintiff is therefore entitled to recover actual damages, statutory damages, punitive damages, costs, and his attorney's fees from the Defendants pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### Count VI:
### VIOLATION OF 15 U.S.C. § 1681I(A)(5)(A) TREATMENT OF INACCURATE OR UNVERIFIABLE INFORMATION
#### Against all Defendants

90.      Plaintiff hereby re-alleges paragraphs 1 through 33 as if specifically set forth.

91.      15 U.S.C § 1681i(a)(5)(a) provides that; the consumer agency should promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.

92.      Defendants are consumer reporting agencies as defined in 15 USC § 1681a(f).

93.      Plaintiff is a "consumer" as stipulated under 15 U.S.C. § 1681a(c).

94.       Defendants prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

95.      Defendants violated 15 U.S.C § 1681i(a)(5) by its conduct which includes, but is not limited to, failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

96.      As a result of this conduct, the Plaintiff suffered actual damages.

97.      Defendants' conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

98.      The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### Count VII:

## VIOLATION OF 15 U.S.C. § 1681I(A)(5)(C) PROCEDURES TO PREVENT REAPPEARANCE

**Against all Defendants**

99.      Plaintiff hereby re-alleges paragraphs 1 through 33 as if specifically set forth.

100.     15 U.S.C § 1681i(a)(5)(c) provides that; A consumer reporting agency shall maintain reasonable procedures designed to prevent the reappearance in a consumer's file, and in consumer reports on the consumer, of information that is deleted pursuant to this paragraph.

101.     Defendants are consumer reporting agencies as defined in 15 USC § 1681a(f).

102.     Plaintiff is a "consumer" as stipulated under 15 U.S.C. § 1681a(c).

103.     Defendants prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

104.     Defendants violated 15 U.S.C § 1681i(a)(5)(C) by its conduct which includes, but is not limited to, failing to delete any information that was the subject of Plaintiff's disputes and that was inaccurate or could not be verified.

16

105.     As a result of this conduct, the Plaintiff suffered actual damages.

106.     Defendants' conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

107.     The Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### Count VIII:

## VIOLATION OF 15 U.S.C. § 1681I(A)(6)(B)(III) NOTICE OF RESULTS OF REINVESTIGATION

### Against all Defendants

108.     Plaintiff hereby re-alleges paragraphs 1 through 33 as if specifically set forth.

109.     15 U.S.C § 1681i(a)(6)(b)(III) provides that; a notice , if requested by the consumer, the consumer reporting agency shall provide a description of the procedure used to determine the accuracy and completeness of the information shall be provided to the consumer by the agency, including the business name and address of any furnisher of information contacted in connection with such information and the telephone number of such furnisher, if reasonably available.

110.     Defendants are consumer reporting agencies as defined in 15 USC § 1681a(f).

111.     Plaintiff is a "consumer" as stipulated under 15 U.S.C. § 1681a(c).

17

112.     Defendants prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

113.     Defendants violated 15 U.S.C § 1681i(a)(6)(B)(iii) by its conduct which includes, but is not limited to, failing to provide plaintiff a description of the procedure used to determine the accuracy and completeness of the information despite persistence requests made by Plaintiff.

114.     As a result of this conduct, the Plaintiff suffered actual damages.

115.     Defendants' conduct, actions, and inaction were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

116.     Plaintiff is entitled to recover actual damages, statutory damages, costs, and his attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

### Count IX:
### Defamation
### Against all Defendants

117.     Plaintiff hereby re-alleges paragraphs 1 through 33 as if specifically set forth.

118.     Defendants published statements through writing using Plaintiff's personal information to falsely reflect that Plaintiff was responsible for a federal tax lien, various accounts, and deleting the accounts he was responsible for which proves plaintiff has some good credit.

119.     Defendants have published these reports each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnishers or other source.

18

120.     These statements are false in that they inaccurately reflect Plaintiff's accounts and credit information and debt repayment history and paint Plaintiff as a financially irresponsible and delinquent person.

121.     Defendants knew the statements were false when made and had no factual basis for making the statements, as Plaintiff notified them repeatedly that the above information were inaccurate.

122.     Nonetheless, Defendants continued to publish the false and negative statements concerning Plaintiff's credit history up through the present time.

123.     The written statements and publications constitute libel per se.

124.     Despite the repeated notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnished of information and all entities to whom it provides credit information concerning the Plaintiff.

125.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff. As a result, Defendants are liable to compensate Plaintiff for the full amount of actual damages, compensatory damages and punitive damages as well as such other relief permitted under the law.

**Count X:**

**DECLARATORY RELIEF**

**Against all Defendants**

126.     Plaintiff hereby re-alleges paragraphs 1 through 33 as if specifically set forth.

127.     The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that in "a case of actual controversy within its jurisdiction . . . any court of the United States . . . may

declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

128.     As described above, this Court has jurisdiction over this matter, and therefore may declare the rights of Plaintiff.

129.     Plaintiff therefore seeks an order declaring Defendant's practice unlawful, and that Defendants' are liable to Plaintiff for damages caused by that practice.

## REQUEST FOR RELIEF

Plaintiff, request judgments against Defendants as follows:

A.  For all recoverable compensatory, statutory, and other damages sustained by Plaintiff, including disgorgement and all other relief allowed under applicable law

B.  For costs;

C.   For both pre-judgment and post-judgment interest on an amount to be decided at trial;

D.  For appropriate injunctive relief, including public injunctive relief,

E.  For treble damages insofar as they are allowed by applicable law

F.  For appropriate individual relief as requested above;

G.      For payment of attorneys' fees and expert fees as may be allowable under applicable law;

H.  For such other and further relief, including declaratory relief, as the Court may deem proper.

## DEMAND FOR BENCH TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

## RESERVATION OF RIGHTS

Plaintiff reserves its right to further amend this Complaint, upon completion of its investigation and discovery, to assert any additional claims for relief against Defendants or other parties as may be warranted under the circumstances and as allowed by law.

**Dated; May 19th 2021.**

Respectively Submitted by;

Torri Hicks

## **CERTIFICATE OF SERVICE**

This statement is to certify that, on **May 19th, 2021**, a copy of the foregoing has been e-mailed to all parties who have agreed to accept service electronically:

**Richard B. Russell Federal Building**

75 Ted Turner Dr SW #2211
Atlanta, GA 30303, United States

Torri Hicks, Pro Se
8171 Colquitt Rd Apt A
Atlanta, GA 30350

21